UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIE COX, JR., )
)
        Plaintiff, )
)
  v. ) No. 4:05-CV-1076-AGF
)
UNKNOWN PURKETT, et al., )
)
        Defendants. )

**ORDER AND MEMORANDUM**

    This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A. Although plaintiff is attempting to bring this action as a class action lawsuit, he has not satisfied the prerequisites to maintaining a class action. See Fed. R. Civ. P. 23 (a) and (b). As such, the Court determines that this action shall not be maintained as a class action.

    Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

    An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplements**

Plaintiff, an inmate at the Eastern Reception & Diagnostic Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 and the American's with Disabilities Act ("ADA"). The named defendants are Unknown Purkett (ERDCC Superintendent), Unknown Suirz ("Director of MOSOP"), and Unknown Thompson ("Chairman/Director of Mo. Probation and Parole").

Plaintiff alleges that defendant Purkett retaliated against him for initiating certain litigation against him. Plaintiff's § 1983 claim against Unknown Purkett survives review under section 1915A, and thus, the Court will order that defendant Unknown Purkett reply to this claim once the complaint has been properly served. See 42 U.S.C. § 1997e(g)(2).

In addition, plaintiff claims that the "Missouri Sex Offender Program at the Farmington Correctional Center places the chronically mentally disabled in a time and space availability

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

status, where they have a specific amount of time to endure as well as complete the program the same as general population . . . showing a total disregard to those mentally disabled." Liberally construing plaintiff's claim as arising under Title II of the ADA, 42 U.S.C. § 12131 et seq., the Court finds that the complaint fails to state a claim. Title II of the ADA "prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999).

> To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability.

Id. at 858. Plaintiff's allegations fail to state a prima facie claim under the ADA.

Last, the complaint is legally frivolous as to Unknown Suirz and Unknown Thompson, because plaintiff does not set forth any facts indicating that said defendants were directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

The Court notes that because plaintiff paid the filing fee, he is responsible for serving defendant Purkett with a copy of the complaint within 120 days of its filing (July 12, 2005). See Fed. R. Civ. P. 4(m). A review of the Court's file indicates that plaintiff has not served any of the defendants to date. Plaintiff may either serve a summons and complaint upon defendant Purkett, see Fed. R. Civ. P. 4(c), or obtain from defendant a waiver of service of summons. See Fed. R. Civ. P. 4(d). Plaintiff is advised that he may seek guidance on serving defendant from the Office of the Clerk.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

**IT IS FURTHER ORDERED** that, as to defendants Unknown Suirz and Unknown Thompson, the complaint is **DISMISSED**, without prejudice, because it is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claim under Title II of the ADA, 42 U.S.C. § 12131 et seq., is **DISMISSED**, without prejudice. See 28 U.S.C. § 1915(e)(2)(B).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that plaintiff shall include a copy of this order when either serving the complaint upon defendant Unknown Purkett or requesting that said defendant waive service.

**IT IS FURTHER ORDERED** that, after either being properly served with a copy of the complaint or filing a waiver of service, defendant Purkett shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.  See 42 U.S.C. § 1997e(g)(2).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 26th day of September, 2005

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com